```
         UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW HAMPSHIRE
```

Kimberly McCormick

    v.                                                        Case No. 20-cv-143-LM

Brian Beckwith

## REPORT AND RECOMMENDATION

Plaintiff Kimberly McCormick, appearing pro se, has sued Brian Beckwith, alleging extortion and violations of various Constitutional rights. The complaint (Doc. No. 1) is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1). For the reasons that follow, the district judge should dismiss this lawsuit.

## Preliminary Review Standard

The magistrate judge conducts a preliminary review of pleadings, like McCormick's, which are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson

v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Plaintiff alleges that in March 2019, the defendant telephoned her and threatened to burn down her house if she didn't sell it to him.[1]  When she refused, Beckwith came to the house she shares with Jason McManus and assaulted McManus after they asked Beckwith to leave.[2]  McCormick further asserts that in June 2019, she and McManus were served with restraining orders to which they could not respond because someone slashed their

---

[1] Plaintiff alleges that Beckwith made this demand because he had lost his own home to the United States government, an assertion that is supported by an order of sale to satisfy tax liens entered on the docket of the United States District Court for the District of Maine.  See United States v. Beckwith et al., No. 2:18-cv-322-NT, Order of Sale (Doc. No. 45) (D. Me. February 18, 2020).

[2] McManus has filed a separate suit related to the alleged assault.  See McManus v. Beckwith, No. 20-cv-142-JL (D.N.H. filed Jan. 17, 2020).  According to the complaint in that case, Beckwith is McCormick's half-sister.  Id., Complaint (Doc. No. 1).

2

car tires.  Finally, McCormick asserts that she was sent to jail for a week for having a BB gun.  Although the allegations are not specific, the court construes the complaint as alleging that Beckwith is responsible for the slashed tires and restraining orders.

## Analysis

A.  Constitutional Claims

McCormick alleges that Beckwith violated her Fourth, Fifth, Sixth and Fourteenth Amendment rights.  With certain exceptions not applicable here, private actors such as Beckwith cannot be held liable for violations of an individual's federal constitutional rights, and 42 U.S.C. § 1983 does not provide a cause of action for purely private conduct that is alleged to have an impact on a plaintiff's federal constitutional rights.  See Georgia v. McCollum, 505 U.S. 42, 53 (1992) (citing Polk Cty. v. Dodson, 454 U.S. 312 (1981)).  The complaint contains no factual assertions suggesting that Beckwith took any action under color of state law or may otherwise be treated as a state actor, for purposes of finding him potentially liable for an alleged violation of McCormick's federal rights.  Accordingly, the district judge should dismiss McCormick's constitutional claims.

B. Extortion

McCormick asserts that Beckwith's threat constituted extortion. While New Hampshire law criminalizes extortion, see N.H. Rev. Stat. Ann. ch. 637:5, McCormick cannot state a private cause of action because "[p]rivate citizens lack a judicially cognizable interest in the prosecution or nonprosecution of another." In re Compact Disc Minimum Advert'd Price Antitrust Litig., 456 F. Supp. 2d 131, 145 (D. Me. 2006) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)) (internal quotation marks and alterations omitted). Because McCormick's allegation does not provide a basis for relief in this action, the district judge should dismiss McCormick's claim based on the defendant's alleged criminal conduct.

C.  Potential State Law Claims

To the extent McCormack is asserting state law claims for property damage (the slashed tires) or abuse of process (the restraining order), this court should decline to exercise supplemental jurisdiction over such claims. See 28 U.S.C. § 1367(c)(3). The district judge should dismiss those state law claims without prejudice to McCormick's ability to file a new action in state court or otherwise litigate those state law claims in a court of competent jurisdiction.

4

**Conclusion**

For the foregoing reasons, the district judge should dismiss the complaint in its entirety for failure to state a federal claim for which relief can be granted, without prejudice to the plaintiff's ability to assert claims in a state court of competent jurisdiction.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 26, 2020

cc:  Kimberly McCormick, pro se